932 F.2d 967
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lamar FLETCHER, Petitioner-Appellant,
v.
Jack MORGAN, Warden, Charles W. Burson, Attorney General of
Tennessee, Respondents-Appellees.
 No. 91-5054.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1991.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and DOUGLAS W. HILLMAN, Senior District Judge.*
 
 ORDER
 
 2
 Lamar Fletcher, a pro se Tennessee prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In July 1985, a jury convicted Fletcher of two counts of armed robbery and two counts of being a habitual criminal. He was sentenced to two concurrent life terms of imprisonment. Fletcher, through appointed counsel, filed a direct appeal with the Tennessee Court of Criminal Appeals. Besides the appellate brief filed by counsel, Fletcher filed a pro se "Request for Extraordinary Appeal" which contained issues not advanced by his appellate counsel. On August 13, 1986, the court remanded Fletcher's case for new proceedings on the habitual criminal counts; the robbery convictions were affirmed. Each party subsequently petitioned both the Tennessee and United States Supreme Courts without success. On remand, Fletcher was again convicted of two counts of being a habitual criminal and was sentenced to two concurrent life terms. On May 11, 1988, the Tennessee Court of Criminal Appeals affirmed the judgment and sentence on remand. That court denied Fletcher's pro se petition to rehear on May 25, 1988. The Tennessee Supreme Court denied leave to appeal on August 29, 1988.
 
 
 4
 In his federal habeas petition, Fletcher presented six grounds for relief: (1) whether petitioner has waived his constitutional rights by failing to cite authority in support of his contentions, (2) whether petitioner was subjected to double jeopardy at his habitual criminal retrial, (3) whether Tennessee's habitual criminal statute is unconstitutional, (4) whether Fletcher received ineffective assistance of trial counsel, (5) whether the prosecutor improperly withheld exculpatory evidence, and (6) whether the evidence was sufficient to sustain a guilty verdict.
 
 
 5
 On June 15, 1989, the magistrate issued a report and recommendation in which he recommended that the respondents' motion to dismiss for failure to exhaust state remedies be granted. The magistrate found that claims 1, 4, and 5 (as numbered above) had not been fairly presented to the state courts. Because the remedy of post-conviction relief still remained available to Fletcher, the magistrate recommended that the mixed petition be dismissed for lack of exhaustion.
 
 
 6
 Fletcher filed timely objections and supplemental objections to the magistrate's report. He also submitted an "Amend [sic] to Petition for Writ of Habeas Corpus" (actually a supplemental pleading) on February 1, 1990. In this document, Fletcher alleged that on September 14, 1989, following the magistrate's recommendation, Fletcher filed a petition for post-conviction relief in the Criminal Court of Shelby County, Tennessee. In this petition, he presented five grounds for relief, which included the unexhausted claims regarding ineffective assistance of counsel and exculpatory evidence plus three new claims. Fletcher further alleged that there was inordinate delay in the state proceedings which may prejudice his petition because of the alleged imminent destruction of relevant records from his arrest and he requested the intervention of the district court. In their response, the respondents requested a final order on their motion to dismiss.
 
 
 7
 The magistrate issued a supplemental report and recommendation on March 7, 1990, stating that the additional information provided in Fletcher's amendment did not alter his prior recommendation that the case be dismissed for failure to exhaust state remedies. Fletcher again filed timely objections and, on September 26, 1990, submitted a "Supplemental Motion to Amended [sic] Petition for Writ of Habeas Corpus". This time Fletcher noted that it had been over one year since his state action was filed. He requested that the district court conclude that the state corrective process was effectively unavailable and grant him a "cause and prejudice" hearing.
 
 
 8
 The district court finally ruled on the motion to dismiss on December 11, 1990, after reviewing the magistrate's recommendations de novo. The district court agreed that presentation of Fletcher's first issue would be futile and that issues 4 and 5 were never properly before the state courts. The district court noted that Fletcher has a pending petition for post-conviction relief which raises his unexhausted issues and found that he must exhaust those issues through the trial and appellate courts of Tennessee before presenting them to the federal courts. Finding that a one-year delay in hearing a factually complex post-conviction petition was not sufficient reason to overlook the exhaustion requirements, the district court denied Fletcher's attempts to supplement his petition and dismissed the petition for a writ of habeas corpus.
 
 
 9
 On appeal, Fletcher argues that the district court improperly denied his attempts to amend his petition and should have held a cause and prejudice hearing. He does not challenge the district court's determination that his petition mixes exhausted and unexhausted claims. Fletcher requests the appointment of counsel in his brief.
 
 
 10
 Upon review, we affirm the district court's judgment because it did not abuse its discretion in denying Fletcher leave to file supplementary pleadings. See Keith v. Volpe, 858 F.2d 467, 473 (9th Cir.1988), cert. denied, 110 S.Ct. 61 (1989).
 
 
 11
 Fletcher has conceded on appeal that his claims of ineffective assistance of counsel and withholding of exculpatory evidence are not exhausted. Therefore, those issues are not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 12
 Although we do not reject out of hand Fletcher's assertion that unreasonable and inordinate delay in a state's processing of a petitioner's application for post-conviction relief may excuse the exhaustion requirement, the sixteen-month delay as alleged by Fletcher at this time is not in itself so unreasonable as to conclude that the state's remedy is ineffective.
 
 
 13
 Accordingly, the request for counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior U.S. District Judge for the Western District of Michigan, sitting by designation